CV 14                2504

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DENNIS GREEN,

                                 Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER JANE
DOE, POLICE OFFICER JOHN DOE,

**COMPLAINT**

REYES, M.J

Jury Trial Demanded

                                 Defendants.

------------------------------------------------------------------ x

        Plaintiff DENNIS GREEN, by his attorney RICHARD CARDINALE, alleges as follows:

**PRELIMINARY STATEMENT**

        1.     This is a civil rights action in which the plaintiff alleges that the City of New York and two New York City Police Officers violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and New York state law by unlawfully seizing him and touching and searching his private parts in a public place. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

        2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

        3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, false arrest,

intentional infliction of emotional distress, and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7. Plaintiff testified at a 50-h hearing.

8. This action is brought within one year and 90 days of the incident at issue.

## PARTIES

9. Plaintiff is a resident of the State of New York, County of Kings.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

12. The events described below are partially captured on video.

13. On October 16, 2013, at approximately 8:15 p.m., plaintiff was inside of a grocery store located at 318 Tompkins Avenue in Brooklyn.

14. At all relevant times, plaintiff was obeying the law and not acting in a suspicious manner.

15. Two unidentified New York City Police Officers, a female and a male, whose identifies are unknown to plaintiff but who are known to the Civilian Complaint Review Board, entered the store, approached plaintiff and stopped him without legal justification or consent. The officers then directed plaintiff to come with them to the front of the store.

16. A reasonable person in plaintiff's position would not have felt that he was free to leave.

17. When they arrived at the front of the store, the female officer ordered plaintiff to produce identification and empty his pockets.

18. Plaintiff complied.

19. The female officer then searched plaintiff. As part of the search and in an effort to humiliate plaintiff and show that she was in control, the officer put her hands inside of plaintiff's pants, touched his genitals, lifted his testicles, and put her fingers between his buttocks.

20. The male officer watched this illegal search take place but he failed to intervene.

21. Plaintiff asked the female officer what she was doing.

22. The female officer responded, "Isn't this where you all keep it at."

23. Plaintiff replied, "Keep what?"

3

24. When the officers failed to recover anything illegal from plaintiff, they released plaintiff from custody and exited the store.

25. Subsequent to the above-described incident, plaintiff filed a complaint with the Civilian Complaint Review Board and provided the agency with a video of the incident.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and sadness.

## FIRST CLAIM

## (UNLAWFUL SEARCH & SEIZURE UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

27. Plaintiff repeats the foregoing allegations.

28. Defendants seized and searched plaintiff without legal justification or consent and searched him in an unreasonable manner.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully searching and seizing him.

## SECOND CLAIM

## (FALSE ARREST UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

30. Plaintiff repeats the foregoing allegations.

31. At all relevant times, plaintiff did not commit a crime or violation.

32. Despite plaintiff's innocence, the defendants seized plaintiff.

33. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

4

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

### THIRD CLAIM

### (DEPRIVATION OF DUE PROCESS

(Against the Individual Defendants)

35. Plaintiff repeats the foregoing allegations.

36. Defendants' unlawful touching and searching of plaintiff's private parts violated plaintiff's substantive due process right to bodily integrity and privacy.

37. Accordingly, the defendants are liable to plaintiff under the Fourteenth Amendment for violating his right to substantive due process.

### FOURTH CLAIM

### (ILLEGAL STRIP SEARCH UNDER THE FOURTH AMENDMENT)

(Against the Individual Defendants)

38. Plaintiff repeats the foregoing allegations.

39. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes, and plaintiff was not being placed in a general jail population at the time of the search.

40. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

### FIFTH CLAIM

### (FAILURE TO INTERVENE UNDER THE CONSTITUTION)

(Against the Individual Defendants)

41. Plaintiff repeats the foregoing allegations.

42. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

43. Accordingly, the defendants are liable to plaintiff under the Fourth and Fourteenth Amendments for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SIXTH CLAIM

### (FALSE ARREST & IMPRISONMENT UNDER STATE LAW)

(Against the Individual Defendants)

44. Plaintiff repeats the foregoing allegations.

45. At all relevant times, plaintiff did not commit a crime or violation.

46. Despite plaintiff's innocence, the defendants seized plaintiff.

47. Plaintiff was conscious of his confinement, did not consent to his confinement and his confinement was not privileged.

48. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest and imprisonment.

## SEVENTH CLAIM

### (ASSAULT)

(Against the Individual Defendants)

49. Plaintiff repeats the foregoing allegations.

50. Defendants' touching and search of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

51. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## EIGHTH CLAIM

## (BATTERY)

(Against the Individual Defendants)

52. Plaintiff repeats the foregoing allegations.

53. Defendants' touching and search of plaintiff constituted offensive and nonconsensual physical contact which injured plaintiff.

54. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## NINTH CLAIM

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(Against the Individual Defendants)

55. Plaintiff repeats the foregoing allegations.

56. Defendants' touching and searching of plaintiff's private parts was extreme and outrageous and intentionally or recklessly caused plaintiff to suffer severe emotional distress.

57. Accordingly, the defendants are liable to plaintiff under New York state law for intentional infliction of emotional distress.

## TENTH CLAIM

## (VICARIOUS LIABILITY)

(Against the City of New York)

58. Plaintiff repeats the foregoing allegations.

59. The individual defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

60. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest and imprisonment, assault, battery and intentional infliction of emotional distress.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: April 18, 2014

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391